FILED IN CHAMBERS
U.S.D.C. - Atlanta

NOV 2 5 2013

James N. Hatten, Clerk
By: 
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| JERALD JEROME DORSEY, | :: | MOTION TO VACATE |
|---|---|---|
| Movant, | :: | 28 U.S.C. § 2255 |
|  | :: |  |
| v. | :: | CRIMINAL ACTION NO. |
|  | :: | 1:06-CR-325-ODE-LTW |
|  | :: |  |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:13-CV-3477-ODE-LTW |

## ORDER

Movant is a federal prisoner who, pro se, recently filed a second motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 130 in 1:06-cr-325-ODE-LTW.) The Court denied Movant's first § 2255 motion in February 2010. (Doc. 107.)

Magistrate Judge Walker issued a Report and Recommendation that Movant's second § 2255 motion be denied as a successive motion over which the Court lacks jurisdiction. (Doc. 131 ("R&R").) Movant filed objections to the R&R. (Doc. 133.)

A district judge must conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). This review takes different forms, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C), while those portions of the

R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Movant does not dispute that his current motion is the second § 2255 motion he has filed. Nor does he dispute that he has not obtained permission from the U.S. Court of Appeals for the Eleventh Circuit to file another § 2255 motion. He instead argues that *Begay v. United States*, 553 U.S. 137 (2008) demonstrates that his sentence was unlawfully enhanced and that he can challenge the enhancement pursuant to *Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013). (Doc. 133.)

Even if Movant is correct that his sentence is unlawful based on *Begay* or some other retroactively applicable ruling from the U.S. Supreme Court, only the Court of Appeals has the power to decide whether Movant can assert that claim in a successive § 2255 motion. A successive § 2255 motion "must be certified as provided in [28 U.S.C.] section 2244 *by a panel of the appropriate court of appeals* to contain . . . a new rule of constitutional law." 28 U.S.C. § 2255(h) (emphasis added). *Spencer* does not change that fact because the *Begay* claim at issue in *Spencer* was presented in the defendant's *first* § 2255 motion. *Spencer*, 727 F.3d at 1080 (describing issue as whether defendant could "use a timely-filed first motion under 28 U.S.C. § 2255 to

2

pursue" the *Begay* claim). Unlike *Spencer*, Movant presented his *Begay* claim in a second § 2255 motion three years after the Court denied his first § 2255 motion.

Movant must present his claim to the Court of Appeals to obtain permission to file another § 2255 motion. This Court lacks jurisdiction over Movant's claim unless the Court of Appeals allows him to present it in a successive § 2255 motion. *See United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005).

Accordingly, the Court **OVERRULES** Movant's objections [133] and **ADOPTS** the R&R [131] as the opinion of the Court. Movant's second motion challenging his sentence under § 2255 [130] is **DENIED** as a successive § 2255 motion over which the Court lacks jurisdiction. A certificate of appealability is **DENIED**. Civil action number 1:13-cv-3477-ODE-LTW is **DISMISSED**.

**SO ORDERED** this $\underline{25}$ day of November, 2013.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

3

AO 72A
(Rev. 8/82)